IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CR-110-D
No. 7:19-CV-103-D

| | |
|---|---|
| EDWIN LEO BROWN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

On May 1, 2017, Edwin Leo Brown ("Brown" or "defendant") pleaded guilty to four counts of possession with intent to distribute a quantity of cocaine base (crack) and one count of being a felon in possession of a firearm. See [D.E. 55] 2–28. On September 12, 2017, the court sentenced Brown to 210 months' imprisonment on counts one, two, three, and four, and 120 months' imprisonment on count five, all to run concurrently. See [D.E. 56] 40–47. Brown appealed. On July 3, 2018, the United States Court of Appeals for the Fourth Circuit affirmed his sentence. See United States v. Brown, 740 F. App'x 259, 261 (4th Cir. 2018) (per curiam) (unpublished).

On June 3, 2019, pursuant to 28 U.S.C. § 2255, Brown moved pro se to vacate his conviction and sentence on all counts based on alleged ineffective assistance of counsel. See [D.E. 61]. On June 17, 2020, Brown, through counsel, filed an amended section 2255 motion and added a claim concerning Brown's conviction on count five based on Rehaif v. United States, 139 S. Ct. 2191 (2019). See [D.E. 80]; see also [D.E. 82] 5; [D.E. 83].

Brown procedurally defaulted his Rehaif claim by failing to raise it on direct appeal. Thus, the general rule of procedural default bars Brown from presenting his Rehaif claim under section

2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Brown has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged Rehaif error. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Thus, the claim fails.

Alternatively, the court dismisses the Rehaif claim for failure to state a claim upon which relief can be granted. Brown knew he was a felon when he possessed the firearm. See Greer v. United States, 141 S. Ct. 2090, 2096–99 (2021); Edwards v. Vannoy, 141 S. Ct. 1547, 1554–62 (2021); cf. Presentence Investigation Report [D.E. 37] ¶ 24.

In sum, the court DISMISSES Brown's Rehaif claim. Not later than October 18, 2021, the United States shall advise the court whether it will be seeking summary judgment on the first claim in Brown's motion. Cf. [D.E. 61] 4. If not, the United States shall consult with Brown's counsel and provide dates for an evidentiary hearing on the sole remaining claim.

SO ORDERED. This 8 day of October, 2021.

J. Dever
JAMES C. DEVER III
United States District Judge