IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CR-110-D
No. 7:19-CV-103-D

| | |
|---|---|
| EDWIN LEO BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On June 3, 2019, Edwin Leo Brown ("Brown" or "petitioner") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and sentence based on alleged ineffective assistance of counsel during plea negotiations [D.E. 61]. Essentially, Brown contends that if his counsel during plea negotiations, Brett T. Wentz ("Wentz"), had properly advised him about his sentencing exposure on the five counts to which he pleaded guilty without a plea agreement, then he would have accepted a non-cooperation plea agreement, waived his appellate rights, and pleaded guilty to count five pursuant to the plea agreement and, thereby, capped his sentencing exposure at 120 months' imprisonment. See id. at 4. After Brown pleaded guilty without a plea agreement to four counts of possession with intent to distribute a quantity of cocaine base ("crack") (counts one to four) and one count of possession of a firearm by a felon (count five), the court upwardly departed at sentencing and sentenced Brown to 210 months' concurrent imprisonment on counts one to four and 120 months' concurrent imprisonment on count five. See [D.E. 61-1] 9–16. Brown asks the court to vacate his conviction and sentence and order the United States ("government" or "respondent") to re-offer the non-cooperation plea agreement that Brown rejected and, thereby, cap

his sentencing exposure at 120 months' imprisonment. See id. at 16.

On October 25, 2019, the government responded to Brown's section 2255 motion [D.E. 73]. In its response, the government conceded that Wentz failed to properly advise Brown regarding his sentencing exposure during plea negotiations and that Brown rejected a non-cooperation plea agreement with a waiver of appellate rights that would have capped Brown's sentencing exposure at 120 months' imprisonment. See id. at 1–2. The government requested an evidentiary hearing to determine whether Brown could establish that Wentz's deficient performance prejudiced Brown. See id. "To show prejudice from ineffective assistance of counsel where a plea offer has . . . been rejected because of counsel's deficient performance," a defendant "must demonstrate a reasonable probability [he] would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel." Missouri v. Frye, 566 U.S. 134, 147 (2012).

On November 20, 2019, Brown moved to strike the government's response [D.E. 74]. On December 5, 2019, the government responded in opposition to the motion to strike [D.E. 75]. On June 17, 2020, Brown filed an amended section 2255 motion concerning his felon in possession of a firearm conviction in count five based on Rehaif v. United States, 139 S. Ct. 2191 (2020) [D.E. 80]. On June 22, 2020, Brown filed a second amended section 2255 motion [D.E. 82] and memorandum of law concerning Rehaif [D.E. 83]. On August 4, 2020, the court denied Brown's motion to strike [D.E. 89]. On October 8, 2021, the court dismissed Brown's Rehaif claim [D.E. 99].

On November 17, 2021, the government moved for summary judgment on Brown's remaining ineffective assistance of counsel claim [D.E. 102] and filed a memorandum in support [D.E. 103]. On December 22, 2022, Brown moved for summary judgment on his remaining claim and responded in opposition to the government's motion for summary judgment [D.E. 109]. On

2

February 2, 2022, the government replied [D.E. 116].

On April 25, 2022, the court granted Brown's motion to withdraw his pro se motion to amend, denied the government's motion for summary judgment, denied Brown's motion for summary judgment, and referred the matter to United States Magistrate Judge Robert Numbers to hold an evidentiary hearing on whether, with effective legal advice from Wentz, Brown would have accepted the proposed non-cooperation plea agreement in which Brown would have waived his appellate rights and pleaded guilty to count five pursuant to the plea agreement and the government would have dismissed counts one through four at sentencing, or whether Brown would have pleaded guilty to counts one through five without a plea agreement and thereby increased his sentencing exposure but preserved his appellate rights. See [D.E. 117] 6–10.

On June 28 and July 19, 2022, Judge Numbers held an evidentiary hearing and heard testimony from Brown, Wentz, and Frank Harper ("Harper"), Brown's counsel before Wentz. See [D.E. 129, 134]; Tr. [D.E. 137]. On August 22, 2022, Judge Numbers issued a comprehensive Memorandum & Recommendation ("M&R") [D.E. 138]. In the M&R, Judge Numbers recommended that the court deny Brown's ineffective assistance of counsel claim because Brown failed to prove by a preponderance of the evidence that he was prejudiced by Wentz's deficient performance. See id. at 7–15. On August 22, 2022, Brown objected to the M&R [D.E. 139, 140].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

3

Case 7:16-cr-00110-D   Document 141   Filed 09/21/22   Page 3 of 7

The court has reviewed the entire record, including the M&R, the transcripts, the briefs, and the objection. As for those portions of the M&R to which Brown did not object, the court is satisfied that there is no clear error on the face of the record, the court agrees with the analysis in the M&R, and the court adopts the M&R [D.E. 138]. See Diamond, 416 F.3d at 315.

As for Brown's objection, Brown does not dispute the numerous findings of fact in the M&R except to argue that there was no rational reason for Brown to reject the non-cooperation plea agreement, waive his appellate rights, and cap his exposure at 120 months' imprisonment. See [D.E. 139] 1–2. The court reviews this argument de novo. See Diamond, 416 F.3d at 315. Notably, however, Brown frames the objection in terms of there allegedly being no rational reason for him to reject the non-cooperation plea agreement instead of asserting that he, in fact, would have signed a non-cooperation plea agreement with an appellate waiver and a sentencing cap of 120 months' imprisonment if he had received proper advice from Wentz about his sentencing exposure. Cf. id. at 315–16.

As discussed in the M&R, Brown "presented no contemporaneous evidence to support his claim that he would have accepted his plea agreement if [counsel] properly advised him about his sentencing exposure." M&R [D.E. 138] 11. "Instead, the record suggests that Brown's decision to reject the plea agreement was based on a desire to maintain his right to appeal his conviction and sentence." Id. The M&R recounts in detail all the opportunities when Brown could have raised, but did not raise, concerns over his sentencing exposure if he pleaded guilty to all five charges. See id. at 11–14. These opportunities included Brown's Rule 11 hearing, Brown's sentencing hearing, and Brown's direct appeal.

In a letter dated December 28, 2017, which is on the Fourth Circuit's docket, Brown wrote his new appellate counsel, Robert L. Cooper ("Cooper"), about several issues to raise on direct

4

appeal but did not claim that Wentz failed to advise him properly about his sentencing exposure or that he would have waived his right to appeal and pleaded guilty to count five pursuant to the non-cooperation plea agreement with proper advice from Wentz about his sentencing exposure. See Relevant Issues & Law for Direct Appeal by Appellant Edwin Leo Brown [D.E. 14] 1–2, United States v. Brown, 740 F. App'x 259 (4th Cir. July 3, 2018) (No. 17-4595). Moreover, in Brown's letter to Cooper, Brown stated that he believed that the government moved for an upward departure at sentencing because Brown would not give up his appellate rights and accept a plea agreement. Id. As Judge Numbers found, Brown's comment "supports the United States' argument that Brown's decision to reject the plea agreement focused on preserving his appellate rights, not limiting his sentencing exposure." M&R at 14. Furthermore, Judge Numbers credited the testimony of Brown's former counsel, Harper and Wentz, who both testified that Brown did not want an appellate waiver in any plea agreement. Id.; see [D.E. 137] 6.

The court takes judicial notice that the U.S. Attorney for the Eastern District of North Carolina would not have offered a plea agreement that did not have an appellate waiver in the plea agreement. Over the last 18 years, this court has never seen a plea agreement from the U.S. Attorney in this district without an appellate waiver. And, before a defendant knows what his sentence will be, it is not irrational to reject a plea agreement containing an appellate waiver given that such waivers generally are enforceable and can bar relief for certain changes in the law even if the defendant thereby increases his sentencing exposure. See United States v. Copeland, 707 F.3d 522, 529–30 (4th Cir. 2013); United States v. Blick, 408 F.3d 162, 169–73 (4th Cir. 2005); cf. United States v. Adams, 814 F.3d 178, 182 (4th Cir. 2016) (addressing an actual innocence claim on the merits and declining to enforce an appellate waiver in the plea agreement). Judge Numbers also declined to credit Brown's testimony that if Brown had known by pleading guilty without a plea

5

agreement to counts one through five that he was exposed to spending more than 10 years in prison, then he would have accepted the government's non-cooperation plea agreement with an appellate waiver and pleaded guilty to count five pursuant to the plea agreement. See M&R at 10–14.

"Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his [counsel]'s deficiencies." Lee v. United States, 137 S. Ct. 1958, 1967 (2017). "Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." Id.

Based on the entire record, even if Wentz had properly advised Brown about his sentencing exposure on counts one through five, this court agrees with Judge Numbers and finds that Brown would not have signed the non-cooperation plea agreement with an appellate waiver and pleaded guilty to count five pursuant to the plea agreement. The court also finds that Brown's desire to avoid waiving his right to appeal was more important to Brown than his sentencing exposure. Thus, having reviewed the entire record, the governing law, and Brown's objection, the court agrees with Judge Numbers that Brown has failed to prove by "a preponderance of the evidence that he was prejudiced by Wentz's failure to properly advise him about his sentencing exposure." M&R at 14; Frye, 566 U.S. at 147 ("To show prejudice from ineffective assistance of counsel where a plea offer has . . . been rejected because of counsel's deficient performance," a defendant "must demonstrate a reasonable probability [he] would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel."). Simply put, Brown has failed to prove by a preponderance of the evidence a reasonable probability that he would have accepted a non-cooperation plea agreement with an appellate waiver and pleaded guilty to count five pursuant to the plea agreement even if Wentz properly explained that the non-cooperation plea agreement capped his sentencing exposure at 120 months' imprisonment.

6

After reviewing the claims presented in Brown's motions, the court finds that reasonable jurists would not find the court's treatment of Brown's claims debatable or wrong, and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In sum, the court ADOPTS the findings and conclusions in the M&R [D.E. 138], OVERRULES petitioner's objection [D.E. 139, 140], DISMISSES petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [D.E. 61], ENTERS judgment for respondent, and DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The clerk shall close the case.

SO ORDERED. This 21 day of September, 2022.

JAMES C. DEVER III
United States District Judge

7

Case 7:16-cr-00110-D   Document 141   Filed 09/21/22   Page 7 of 7